# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-1199V**

| | |
|---|---|
| ROBERT HAAS, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Chief Special Master Corcoran<br>Filed: September 14, 2026 |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Austin J. Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On July 31, 2023, Robert Haas filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered from Guillain Barré syndrome as a result of receiving an influenza vaccine on or about September 3, 2021. Petition (ECF No. 1) at 1. The parties successfully settled the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated June 2, 2026 (ECF No. 31).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated July 29, 2026 (ECF No. 37) ("Mot."). This is Petitioner's sole such request. Petitioner requests a total of $55,202.42 (reflecting $35,132.50 in attorney's fees, plus $20,069.92 in costs) for the work of the office of attorney Leah V. Durant. Mot. at 1. Respondent reacted to the fees request on July 29, 2026. *See* Response, dated July 29, 2026 (ECF No. 38) ("Resp."). Respondent

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded. Resp. at 2, 5. Petitioner filed a reply, maintaining his position and requesting that he be awarded the requested fees and costs as indicated. Reply, dated Aug. 5, 2026 (ECF No. 39).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$55,202.42**.

## I. Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

| | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| **Leah V. Durant (Attorney)** | $420.00 | $441.00 | $463.00 | -- | $530.00 | $574.00 |
| **Christopher Williams (Attorney)** | -- | -- | $358.00 | $376.00 | -- | -- |
| **Michael Milmoe (Attorney)** | -- | -- | -- | -- | $627.00 | -- |
| **Mateo Forero (Attorney)** | -- | -- | -- | $385.00 | $412.00 | -- |
| **Iain McLeod** | -- | -- | -- | -- | $395.00 | $428.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **(Attorney)** | | | | | | |
| **Alexi Velez (Attorney)** | -- | -- | -- | -- | -- | $480.00 |
| **Paralegals** | $165.00 | $173.00 | $181.00 | $190.00 | $203.00 | $220.00 |

ECF No. 37-1 at 1–13.

Ms. Durant and her colleagues practice in Washington, DC—a jurisdiction that is, by definition, "in forum." Accordingly, counsel should be paid forum rates as established in *McCulloch*. *See Clavio v. Sec'y of Health & Hum. Servs.*, No. 17-1179V, 2024 WL 329239 (Fed. Cl. Spec. Mstr. Jan. 2, 2024). The rates requested for all attorneys who performed work on this matter are also consistent with what has previously been utilized for their work, in accordance with the Office of Special Masters' fee schedule.[3] *Baisden v. Sec'y of Health & Hum. Servs.*, No. 23-1839V, 2026 WL 1493747 (Fed. Cl. Spec. Mstr. Apr. 22, 2026); *Derr v. Sec'y of Health & Hum. Servs.*, No. 23-586V, 2026 WL 2151124 (Fed. Cl. Spec. Mstr. June 18, 2026); *Spaugh v. Sec'y of Health & Hum. Servs.*, No. 21-785V, 2025 WL 3233150 (Fed. Cl. Spec. Mstr. Oct. 15, 2025); I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner specifically seeks $20,069.92 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of two experts—Timothy Hancock, who provided a medical records review service; and David M. Simpson, M.D., who prepared a substantive opinion. ECF No. 37-2 at 1–25. Mr. Hancock submitted invoices reflecting a total of $6,000.00 (billing at an hourly rate of $125.00 for 48 hours of work) charged to the matter. *Id.* at 10, 23. That amount of time and hourly rate are both acceptable and reasonable.

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 14, 2026).

Dr. Simpson prepared one written report and submitted an invoice reflecting a total of $11,200.00 (billing at an hourly rate of $800.00 for 14 hours of work). More recently, an hourly rate of $700.00 has been awarded for work performed by Dr. Simpson. *See e.g., Myers v. Sec'y of Health & Hum. Servs.*, No. 21-1088V, 2025 WL 3689129 (Fed. Cl. Spec. Mstr. Sept. 30, 2025); *Hodge v. Sec'y of Health & Hum. Servs.*, No. 20-1923V, 2025 WL 3046406 (Fed. Cl. Spec. Mstr. Oct. 6, 2025). This accordingly represents a fairly significant increase, and over the same period of time in which Dr. Simpson received reimbursement at a lower hourly rate.

As I have previously noted in prior decisions, I am prepared to award a rate increase for his expert services performed in the Vaccine Program. *See Jao v. Sec'y of Health & Hum. Servs.*, No. 21-2109V, 2025 WL 2955199, at *3 (Fed. Cl. Spec. Mstr. Sept. 18, 2025). It has not been substantiated herein, however, that such an increase is warranted—and it is not the practice of the Vaccine Program to increase expert rates on an annual or regular basis (as opposed to how lawyer rates are treated). Nevertheless, the total amount at issue is not significant for a substantive expert report, especially in a successful case. I will therefore award Dr. Simpson the total amount requested, but without opining on the propriety of the rate increase requested.

All other requested costs in this matter are commonly incurred in the Vaccine Program and are reasonable herein, and therefore will be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$55,202.42**, reflecting $35,132.50 in attorney's fees and $20,069.92 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.